UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN HOWARD, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civ. Action No. 2:17-cv-01057-MRH **(Consolidated)** |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | [~~PROPOSED~~] FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT |
| ARCONIC INC., et al., | ) ) | |
| Defendants. | ) ) ) | |

This matter came before the Court pursuant to the Order Granting Preliminary Approval Pursuant to Fed. R. Civ. P. 23(e)(1) and Permitting Notice to the Settlement Class ("Notice Order") dated May 2, 2023, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated April 21, 2023, together with the Exhibits annexed thereto (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings held herein, including a hearing held on the 9th day of August, 2023, and otherwise being fully informed in the premises, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.    This Order and Final Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.    This Court has jurisdiction over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms their preliminary determinations in the Notice Order and finally certifies, solely for purposes of effectuating the Settlement, a Settlement Class defined as: all Persons who purchased or otherwise acquired: (i) Arconic securities between November 4, 2013 and June 27, 2017, both dates inclusive, including for the avoidance of doubt any Arconic Depositary Shares; and (ii) Arconic Depositary Shares, each representing a 1/10th interest in a share of 5.375% Class B Mandatory Convertible Preferred Stock, Series 1, par value $1 per share, liquidating preference $500 per share pursuant and/or traceable to the Registration Statement and Prospectus issued in connection with Arconic's September 18, 2014 initial public preferred stock offering.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Settlement Class Period

officers and directors of Arconic and the Underwriter Defendants; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded parties have or had a controlling interest, *provided, however*, that any Investment Vehicle shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company, separately managed account, or pooled investment fund, including but not limited to, mutual fund families, exchange traded funds, fund of funds and hedge funds, and employee benefit plans, in which Defendants, or any of them, have, has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but in which any Defendant alone or together with its, his or her respective affiliates is not a majority owner or does not hold a majority beneficial interest.

4.      Also excluded from the Settlement Class is any Person who would otherwise be a Settlement Class Member but who, in accordance with the requirements set by the Court, validly and timely requested exclusion, as identified in Exhibit A hereto.

5.      Solely for purposes of the Settlement, the Court finds that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and their counsel have fairly and adequately represented and protected the Members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of the Members of the Settlement Class individually controlling the prosecution with separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (iii) the desirability or undesirability of concentrating

the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

6.       Pursuant to Federal Rule of Civil Procedure 23, the Court hereby fully and finally approves the Settlement and the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of all claims asserted against Defendants in the Litigation) and finds that:

(a)       said Stipulation and the Settlement contained therein, are, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class;

(b)       Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class;

(c)       there was no collusion in connection with the Stipulation;

(d)       the Settlement was the product of informed, arm's-length negotiations among competent, able counsel;

(e)       the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including the timing of payment; and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3);

(f)       the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other; and

(g)       the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions.

7.      Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof.  Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Settlement Class, identified in Exhibit A hereto, the Court hereby dismisses the Litigation and all claims asserted therein, and all Released Plaintiffs' Claims as against the Released Defendant Parties, with prejudice.  The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

8.      Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiffs and each and all of the other Settlement Class Members, on behalf of themselves and anyone claiming through or on behalf of them, including, but not limited to, their respective predecessors, heirs, executors, administrators, successors, and assigns in their capacities as such, and on behalf of any other Person legally entitled to bring Released Plaintiffs' Claims on behalf of any Releasing Plaintiff Party, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally, and forever compromised, settled, waived, resolved, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against each and every one of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release form or shares in the Net Settlement Fund.  The Released Plaintiffs' Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendant Parties on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  The releases as set forth in ¶¶4.1-4.5 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.44 relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Nothing contained herein shall

release or bar any Releasing Plaintiff Party or Released Defendant Parties from bringing any action or claim to enforce the terms of the Stipulation or this Judgment.

9.     Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiffs and each and all of the other Settlement Class Members, on behalf of themselves and anyone claiming through or on behalf of them, including, but not limited to, their respective predecessors, heirs, executors, administrators, successors, and assigns in their capacities as such, and on behalf of any other Person legally entitled to bring Released Plaintiffs' Claims on behalf of any Releasing Plaintiff Party, will be forever barred and enjoined from asserting, commencing, instituting, prosecuting, intervening in, continuing to prosecute or maintaining in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any and all of the Released Plaintiffs' Claims (including, without limitation, Unknown Claims) against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

10.     Without further action by anyone, upon the Effective Date, and as provided in the Stipulation, each of the Released Defendant Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including Unknown Claims) against the Lead Plaintiffs, each and all of the Settlement Class Members, and Lead Plaintiffs' Counsel, except that claims to enforce the terms of the Stipulation or this Judgment are not released.

11.     Nothing in the Stipulation or this Judgment shall be construed as limiting, modifying, or otherwise affecting any insurance coverage or policies that may be available to any of the Released Defendant Parties.

- 5 -

12.     Any and all of the following claims, actions, allegations, causes of action, demands, or rights, however denominated and whether presently known or unknown are hereby permanently barred, extinguished, discharged, satisfied, and unenforceable: (i) to the maximum extent permitted by the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") or other applicable law, any claims seeking contribution or indemnification by any Person against any of the Released Defendant Parties arising out of or related to any Released Plaintiffs' Claims; and (ii) claims for contribution arising out of or related to any Released Plaintiffs' Claims by any Defendant to the extent required by 15 U.S.C. §78u-4(f)(7)(A). For the avoidance of doubt, the foregoing shall not apply to any indemnification or contribution claims between and among the Released Defendant Parties.

13.     The notice of the pendency and settlement of the Litigation, including of the Settlement, given to the Settlement Class was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort.  Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement and the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the PSLRA, the requirements of due process, and any other applicable law and rules.  No Settlement Class Member is relieved from the terms of the Settlement and the Stipulation, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon.  The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the

statutory waiting period has elapsed.  Thus, the Court hereby determines that all Releasing Plaintiff

Parties are bound by this Judgment.

14.     Any Plan of Allocation submitted by Lead Counsel or any order entered regarding

any attorneys' fee and expense application or awards to Lead Plaintiffs shall in no way disturb or

affect this Judgment and shall be considered separate from this Judgment.  Separate orders shall

be entered regarding the proposed Plan of Allocation and Lead Counsel's application for an award

of attorneys' fees and expenses and any awards to Lead Plaintiffs.

15.     Any appeal or any challenge affecting solely the approval of (a) the Plan of

Allocation submitted by Lead Plaintiffs' Counsel, and/or (b) this Court's approval regarding any

attorneys' fee and expense applications or awards to Lead Plaintiffs shall in no way disturb or

affect the finality of this Judgment nor the Effective Date of the Settlement.

16.     Neither this Judgment, the Stipulation, the Supplemental Agreement, nor any of

their terms or provisions, nor any of the negotiations, discussions, or proceedings connected

thereto, nor the Settlement contained therein, nor any act performed or document executed

pursuant to or in furtherance of the Stipulation or the Settlement: (a) is, or may be deemed to be,

or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any

liability, negligence, fault, damages, lack of merit in any defenses, or wrongdoing of any kind of

any Released Defendant Party, or (b) is, or may be deemed to be, or may be used as an admission

of, or evidence of, any fault, misrepresentation, or omission of any of the Released Defendant

Parties in any statement, release, or written documents issued, filed or made; or (c) is or may be

deemed to be or may be used as an admission of, or evidence of, any liability, negligence, fault,

damages, lack of merit in any defenses, wrongdoing, or omission of any of the Released Defendant

Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding,

administrative agency, or other forum or tribunal.  The Released Defendant Parties may file, offer,

or otherwise use the Stipulation and/or this Judgment from this Litigation in (i) any insurance coverage litigation, (ii) any proceedings that may be necessary to consummate or enforce the Stipulation, Settlement, or Judgment, or (iii) in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.    The Court finds that Defendants have satisfied any financial obligations under the Stipulation because $74,000,000.00 has been paid to the Escrow Account in accordance with ¶¶1.40, 2.2-2.3, and 2.6 of the Stipulation.

18.    Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Litigation; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation and this Judgment.

19.    The Court finds and concludes that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11 in connection with the institution, prosecution, defense, and settlement of the Litigation.

20.    The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and the Releasing Plaintiff Parties (regardless of whether or not any individual Settlement Class Member submits a Proof of Claim and Release form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors and assigns.

21.     The Escrow Agent shall maintain the Settlement Fund in accordance with the requirements set forth in the Stipulation.  The Released Defendant Parties shall have no liability, obligation, or responsibility whatsoever with respect to the administration of the Settlement or distribution of the Net Settlement Fund, Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection with any of the foregoing.

22.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to any Person that funded the Settlement Amount as required under the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settling Parties shall revert to their respective positions in the Litigation as of March 31, 2023, and shall meet and confer to propose new deadlines for an amended case management order, as provided in the Stipulation.

23.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.  Without further order of the Court, the Settling Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.

24.     This Litigation and all Released Claims are dismissed with prejudice.  The parties are to bear their own costs, except as otherwise agreed to in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

25.     The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 8-9-2023

_____
THE HONORABLE MARK R. HORNAK
CHIEF UNITED STATES DISTRICT JUDGE