IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN HOWARD, | ) |
|                 Plaintiff, | ) 2:17-cv-01057 |
| v. | ) |
| ARCONIC INC ET AL, | ) |
|                 Defendants. | ) |

**ORDER GRANTING PLAINTIFFS' MOTION FOR
DISTRIBUTION OF THE NET SETTLEMENT FUND ON MODIFIED TERMS**

Lead Plaintiffs Iron Workers Local 580-Joint Funds and Ironworkers Locals 40, 361 & 417 – Union Security Funds and Janet L. Sullivan ("Plaintiffs"), having filed a Motion for Distribution of the Net Settlement Fund ("Motion") (ECF No. 260), and this Court having considered all the papers filed in connection therewith, and based upon all other proceedings had herein, and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

    1.    Plaintiffs' Motion for Distribution of the Net Settlement Fund is GRANTED on the terms as follow.

    2.    The distribution plan for the Net Settlement Fund as set forth in the Declaration of Eric A. Nordskog in Support of Plaintiffs' Motion for Distribution of the Net Settlement Fund (the "Nordskog Declaration") and accompanying exhibits is approved as follows. The funds that are currently in the Net Settlement Fund (less any necessary amounts to be withheld for payment of potential tax liabilities, remaining costs of administering the Settlement, and related fees and expenses) shall be distributed on a *pro rata* basis to the Authorized Claimants identified in Exhibits D and E to the Nordskog Declaration, at the direction of Lead Counsel, pursuant to the Stipulation

of Settlement dated April 21, 2023 (the "Stipulation") (Dkt. No. 220-1) and the Plan of Allocation of the Net Settlement Fund set forth in the Notice of Pendency and Proposed Settlement of Class Action (Dkt. No. 220-3) that was distributed pursuant to this Court's prior Order.

3.  As they are set forth in the Nordskog Declaration, the administrative determinations of the Claims Administrator, in accepting and rejecting Claims, are approved. Specifically, the administrative determinations of the Claims Administrator accepting those Claims set forth in Exhibits D and E to the Nordskog Declaration are approved. Likewise, the administrative determinations of the Claims Administrator rejecting the Claims set forth in Exhibit F to the Nordskog Declaration are approved.

4.  Any person asserting Claims received after September 20, 2024 or any responses to Deficiency Notices received after September 20, 2024, the date used to finalize the administration by the Claims Administrator, is finally and forever barred from asserting such Claims or responses.

5.  The Court finds that the administration of the Settlement and proposed distribution of the Net Settlement Fund comply with the terms of the Stipulation and the Plan of Allocation and that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted herein, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, including, but not limited to Lead Counsel and the Court-appointed Claims Administrator, A.B. Data, Ltd. ("A.B. Data"), are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they receive payment from the Net Settlement Fund, are barred from making any further claims against the Net Settlement Fund, Plaintiffs, the Settlement Class, Plaintiffs' Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by

Plaintiffs or Lead Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund beyond the amount allocated to them pursuant to this Order.

6. The checks for distribution to Authorized Claimants shall bear the notation "DEPOSIT PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 120 DAYS OF DISTRIBUTION." Lead Counsel and A.B. Data are authorized to locate and/or contact any Authorized Claimant who has not cashed his, her, or its check within said time.

7. Pursuant to the Plan of Allocation, if any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after A.B. Data has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund after six (6) months from the initial distribution (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator, shall, if feasible: (a) *first*, pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (b) *second*, make a second distribution to Claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.

8. At such time as Lead Counsel, in consultation with the Claims Administrator, determines that no additional distributions are cost effective, then as proposed in the Motion, Lead Counsel may then seek a further Order that the remaining funds, after payment of any unpaid fees and expenses incurred in administering the Settlement, be contributed to the Investor Justice and Education Clinic ("IJEC"), a program of a 501(c)(3) not- for-profit, Howard University, which

develops the next generation of securities law attorneys. Said motion shall set forth at least the remaining amount then proposed to be so distributed, and the factual basis for Lead Counsel's conclusion that any additional distributions are not feasible.

9. A.B. Data is authorized to dispose of the paper copies of the Claims and all supporting documentation no less than one year after the distribution of the Net Settlement Fund is complete and to then dispose of the electronic copies of the same no less than four years after the distribution of the Net Settlement Fund is complete.

10. This Court retains jurisdiction over any further application or matter which may arise in connection with this action, including but not limited to the enforcement and interpretation of the Court's prior Orders, and any agreements of the parties.

    s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: December 19, 2024